IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE P. SKINNER, #599362 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv130 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that Plaintiff's "Notice of Preliminary Injunction to Defendants," construed as a motion for temporary restraining order and/or preliminary injunction pursuant to Fed. R. Civ. P. 65, should be denied. Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her recommendation for the denial of such motion, has been presented for consideration, and having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Plaintiff fundamentally objects that he is giving notice to the defendants of a preliminary injunction and he should be allowed to argue the existence of the prerequisites for such injunctive relief. The Fifth Circuit has "interpreted the notice requirement of Rule 65(a)(1) to mean that 'where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.'" *See PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (quoting *Kaepa, Inc. v.*

*Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (other citation omitted)). Plaintiff's filing has not put the parties on notice of the grounds nor the support for his purported application for injunctive relief. Additionally, notice is generally given by a properly briefed and filed motion. *See, e.g., Chen v. Cox*, 2010 WL 2735749, at *4 (S. D. Tex. July 12, 2010) (notice not provided when motion for injunctive relief filed *ex parte* and under seal). His "notice" is not such a properly briefed document. Nonetheless, he appears to treat it as such by objecting to the recommendation that "Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction should be denied." *See* Motion at 2. Further, he has not filed any separate moving papers, but argues in his "notice" those issues he believes should be the subject of an injunction. In short, the "notice" purports to seek injunctive relief without specifying the grounds or showing why he is entitled to such relief. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Plaintiff's Notice of Preliminary Injunction to Defendants, construed as a motion for a temporary restraining order and/or preliminary injunction, is **DENIED** without prejudice to Plaintiff filing a properly argued and supported motion in the future.

So **ORDERED** and **SIGNED** this **28** day of **September, 2010.**

_____
Ron Clark, United States District Judge