IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE P. SKINNER, #599362 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv130 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Jesse P. Skinner, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. On June 2, 2010, the Magistrate Judge assigned to the case entered a Scheduling Order setting the deadlines for the parties to file disclosures, motions for summary judgment, responses to dispositive motions, witness and exhibit lists and all other motions. The ultimate deadline date in the case of all other motions was October 22, 2010. Following a series of motions and objections filed by each of the parties, including Plaintiff's motion seeking "any just order against defendants for failing to comply and obey the Court's Order in [its original Scheduling Order] and enter sanctions or the order on entry of default & default judgment," Defendants moved for an amendment to the Scheduling Order to permit them to file dispositive motions. They asserted that they had not had sufficient time to do so after Plaintiff filed his Fed. R. Civ. P. 7(a) reply regarding Defendants' claims of qualified immunity. Plaintiff filed objections to the motion.

On December 8, 2010, the Magistrate Judge entered an Order modifying the Scheduling Order to permit any party to file a dispositive motion on or before January 10, 2011. Plaintiff did

1

not then file further objections to the modified Scheduling Order. On January 6, 2011, Plaintiff requested a copy of the docket sheet, which the Clerk mailed to him on January 7, 2011. On January 10, 2011, Defendants filed their motion for summary judgment. Plaintiff did not file such a motion. However, on January 19, 2011, Plaintiff filed a Request for Leave to File Out of Time Motion for Reconsideration (docket entry #96), requesting *de novo* review of the Magistrate Judge's Scheduling Order by the assigned District Judge pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(a). He contends he never received a copy of the modified Scheduling Order. Although there does not appear to have been any problem with his receipt of documents in this case previously, he ascribes his failure to receive the document as "the Court's failure to serve [the Scheduling Order]" on him.

Despite the lack of any proffer of evidence that the Court failed to serve Plaintiff with the order, the undersigned District Judge will review this matter *de novo*. Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law." *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2010 WL 2654440, at *1 (E.D. La. June 25, 2010) (citing Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 946 (1948).

First, the Court notes that Plaintiff was fully able to timely file all of his objections on November 23, 2010 (docket entry #90), two weeks *before* the Magistrate Judge entered her modified Scheduling Order on December 8, 2010. A review of those objections shows that they are similar

2

to the same objections Plaintiff now urges in his motion for this Court's *de novo* review. *See* Motion (docket entry #96) at 3-4. The Magistrate Judge acknowledged Plaintiff's objections to modifying the Scheduling Order in the Order itself.

Appropriately, the Magistrate Judge also carried out a four-part factor analysis as to whether to modify the schedule for good cause, pursuant to Fed. R. Civ. P. 16(b)(4) and *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) ("Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."). She explicitly found that the Defendants' argument of insufficient time and "confusion" over the timing of Court orders were not strong arguments and that Defendants had not shown diligence by failing to seek an extension of time at an earlier point, which weighed against modifying the schedule under the first factor. Scheduling Order at 2. Nonetheless, she also found that Plaintiff patently admitted in his objections that when he filed his Fed. R. Civ. P. 7(a) reply, he had made virtually no changes to his complaint at all. The whole point of the Rule 7(a) reply was to plead his claims with sufficient particularity to overcome Defendants' affirmative defenses of qualified immunity, and the judicial process was delayed for some time while awaiting Plaintiff's new pleading. The Magistrate Judge found that, under the second factor, this became an important issue in that if Defendants could advance their qualified immunity claims, substantial judicial economy could be preserved over conducting a jury trial. Because no trial had been set yet, she found no prejudice in amending the Scheduling Order and no need for a continuance under the third and fourth factors.

In his instant motion, Plaintiff does not advance any objections he did not previously raise

3

to the Magistrate Judge, although he does not repeat his earlier admission that he did not comply with the Court's order to file a Rule 7(a) reply with particularized pleadings on the qualified immunity issue.

This Court finds no error in the Magistrate Judge's decision to modify the Scheduling Order, and specifically is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395.

To the extent that Plaintiff intended to file a dispositive motion and was foreclosed in his timing to do so by his alleged failure to receive service of the modified Scheduling Order, he has had sufficient time to formulate one. To alleviate any potential prejudice in this instance, he will be afforded the opportunity to file a motion for summary judgment by February 21, 2011; responses shall be filed to any such motion by March 21, 2011. All other aspects of the modified Scheduling Order shall remain unchanged. It is accordingly

**ORDERED** that Plaintiff's Request for Leave to File Out of Time Motion for Reconsideration (docket entry #96) is hereby **GRANTED**. However, it is further

**ORDERED** that Plaintiff's objections contained therein are **OVERRULED**. It is finally

**ORDERED** that Plaintiff may file a motion for summary judgment by February 21, 2011, and Defendants shall file responses to any such motion by March 21, 2011, with all other aspects of the Scheduling Order as entered by the Magistrate Judge in this case remaining unchanged.

So **ORDERED** and **SIGNED** this **3** day of **February, 2011.**

_____
Ron Clark, United States District Judge