IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE P. SKINNER, #599362 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv130 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTIONS
TO RECUSE AND FOR RECONSIDERATION OF OR RELIEF FROM JUDGMENT

Plaintiff Jesse P. Skinner, an inmate confined in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se* and *in forma pauperis*, filed this

civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The case was referred to Magistrate Judge Judith

K. Guthrie for findings of fact, conclusions of law and recommendations for the disposition of the

case pursuant to 28 U.S.C. § 636(b).

Plaintiff filed his original complaint on August 10, 2009.  He complained of a number of

conditions of his confinement at the Eastham Unit of TDCJ-CID, denial of access to courts, denial

of equal access to the restrooms associated with the unit's classrooms, and failure to redress

complaints.  He sought damages, declaratory judgment and injunctive relief.

Over the succeeding two years, the parties conducted a lengthy and hard-fought battle over

Plaintiff's claims.  Without detailing every step in the litigation, in pertinent part the Defendants filed

an answer asserting various defenses including that of qualified immunity; the parties engaged in

protracted and tenacious motions practice that included Defendants' motion to require Plaintiff to

address with particularity their claims of qualified immunity in a Fed. R. Civ. P. 7(a) reply and the

Plaintiff's filing of his Third Amended Complaint in response thereto,[1] which became the ultimate, operative complaint in the action; a further battle of motions over amending the Magistrate Judge's Scheduling Order to permit Defendants to file a motion for summary judgment ("MSJ") later in time than originally directed; and Defendants' actual MSJ, which Plaintiff vociferously opposed with three separate filings in response.   Ultimately, the Magistrate Judge filed a Report and Recommendation (the "R&R") (docket entry #120) analyzing Plaintiff's claims and the arguments of the parties on summary judgment in great detail and recommending that each claim be dismissed with prejudice on its merits.   She further recommended that because there was no finding of a constitutional violation on the merits of Plaintiff's claims, that Defendants' defense of qualified immunity should also be granted.   That R&R issued on August 9, 2011, and included the notice to Plaintiff that he may file and serve any objections within 14 days of receipt of the R&R.   No objections having been filed or received by the Court within the ensuing month, or double the time for objections, the undersigned District Judge adopted the Magistrate Judge's R&R, granted the Defendants' MSJ, dismissed Plaintiff's action with prejudice as frivolous and denied the remaining motions that had not been not individually ruled upon.   *See* Docket Entries #121 and 122.

On September 15, 2011, Plaintiff filed a Motion for Reconsideration (docket entry #123), in which he asserts that he did not receive a copy of the Magistrate Judge's R&R, was therefore not afforded the opportunity to file objections to it, and that his right to *de novo* review by the undersigned was therefore abrogated.   On that basis alone, he seeks reconsideration of the Final Judgment pursuant to Fed. R. Civ. P. 60(b)(1) or 60(d)(3).   As discussed below, the Defendants

---

[1]      Although, as Plaintiff subsequently admitted and as the Court has observed previously, he actually did not amend the allegations of his complaint to address the claims of qualified immunity, nor did he seek discovery in aid of that purpose at that time.

argued, and Plaintiff ultimately appears to have agreed, that his motion should be construed as under

Fed. R. Civ. P. 59(e).  However, that simply appears to have teed up Plaintiff's subsequent Motion

for Relief from Judgment, below.   On September 20, 2011, Plaintiff then filed a post-judgment

Motion to Recuse (docket entry #124), in which he asks the undersigned District Judge and the

assigned Magistrate Judge to "recuse themselves because they cannot be an impartial arbiter of this

case."  Motion to Recuse at 1.  Then, on October 4, 2011, Plaintiff filed a Motion for Relief from

Judgment (docket entry #128), in which he acknowledges the procedural difference between the

filing of a motion pursuant to Rule 59(e) and one pursuant to Rule 60(b).  He therefore filed this

third post-judgment motion in an effort to "cover his bases" and seek relief from final judgment

under Rule 60(b) in the alternative to Rule 59(e).

Defendants have filed responses in opposition to each of Plaintiff's motions.  *See* Docket

Entries #126, 127 and 130, respectively.  In turn, Plaintiff has filed replies to each response.  *See*

Docket Entries #129, 131 and 132, respectively.  Thus, fully briefed, the Court will examine each

motion.

## I.      DISCUSSION AND ANALYSIS

First, the Court will review Plaintiff's Motion to Recuse; then the Court will review both of

Plaintiff's motions for relief from judgment together.

### A.      PLAINTIFF'S MOTION TO RECUSE

Plaintiff asks that both the undersigned District Judge and the assigned Magistrate Judge

recuse themselves from any further involvement in his lawsuit pursuant to 28 U.S.C. § 455.

Specifically, he complains that he did not receive a copy of (1) docket entry #91, an order amending

the Scheduling Order in this case, which extended the time for any party to file a dispositive motion;

and (2) the Magistrate Judge's R&R at docket entry #120, prior to the undersigned adopting the R&R

and entering final judgment in this case.  He apparently ascribes his non-receipt of the documents

to the action or inaction of the same judges themselves.  *See, e.g., id*. at 4, ¶ 8 (contention that non-

receipt was "due to the Judge's failure to have Orders and Reports and Recommendations sent to

Plaintiff . . . .").  Further, he filed a motion for an extension of time in which to respond to

Defendants's MSJ (docket entry #99), a motion for reconsideration (docket entry #104) of the order

amending the Scheduling Order,  and a motion to conduct discovery (docket entry #111) after he had

already responded to Defendants' MSJ.  In his opinion, these motions went unanswered.  For these

reasons, he asserts that the impartiality of the judges involved in this case is "br[ought] into

question."  Motion to Recuse at 2-3.

Section 455 states in pertinent part:

(a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself
        in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself in the following circumstances:

        (1)     Where he has a personal bias or prejudice concerning a party, or personal
                knowledge of disputed evidentiary facts concerning the proceeding[.]

*See* 28 U.S.C. § 455(a) & (b)(1).

"[I]f the issue of a judge recusing [himself or] herself arises [ ] through a motion to recuse

under § 455 . . ., the judge has the option to either transfer the matter to another judge for decision

or determine it herself."  *See Maldonado v. Ashcroft*, 108 Fed. Appx. 221, 222 (5th Cir. 2004) (*per

curiam*) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n. 7 (5th Cir.1996)),  *cert. denied*, 545

U.S. 1133, 125 S. Ct. 2946, 162 L. Ed. 2d 875 (2005).  In this case, the undersigned District Judge

will rule on Petitioner's motion to recuse himself as well as the Magistrate Judge.  "[N]o authority

'suggests any negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on the motion' instead of referring it to another judge." *Doddy*, 101 F.3d at 458 n.7 (quoting *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir.), *cert. denied*, 449 U.S. 888, 101 S. Ct. 244, 66 L. Ed. 2d 114 (1980)).

First, Plaintiff's contention that one or both judges took deliberate action, or at least through wilful inaction allowed events to occur, resulting in his non-receipt of the orders or documents described above is baseless and without merit. Notably, he has proffered absolutely nothing, other than the alleged non-receipt itself, to support any contention of deliberate action out of bias or prejudice. In that light, his allegations are nothing more than conclusory speculation at best and possibly simply amount to an attempt at judicial forum-shopping in pursuit of a more favorable outcome. That is no basis for recusal. *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. Appx. 369, 383 (5th Cir. 2007) (per curiam).

In fact, the judges themselves have little to do with the routine mailing of documents issued in the course of a case. Instead, that is a ministerial function of the Clerk of Court. In the ordinary course of business, a docket clerk will mail a document received from chambers to the prisoner-litigant. In the case of a key order or document setting a timed deadline for the prisoner-litigant, the clerk will ordinarily also include an acknowledgment card to be filled out with the date of receipt and returned to the Court. The purpose of that acknowledgment card is for the Court's use in calculating the deadline, if an executed card is returned. Nonetheless, the docket clerks and judges of this Court are well aware that acknowledgment cards are not uniformly returned. Sometimes they are returned timely; sometimes they are returned substantially later than a document is received in the mailroom of the prison or by the prisoner himself; sometimes a prisoner refuses to fill out and

return the acknowledgment card. In this particular instance, Plaintiff has pointed out that he has returned acknowledgment cards on some occasions, receipt of which is entered on the docket. However, there are also a number of instances in which orders or other documents were issued and sent to Plaintiff for which the clerk received no such acknowledgment. There is no requirement on the Court to send multiple copies of each document issued simply to obtain an acknowledgment.

In the case of Plaintiff's alleged non-receipt of the amended Scheduling Order, Plaintiff moved for an out-of-time reconsideration of the order. *See* Docket Entry #96. In that motion, Plaintiff also presented all of his objections and arguments against the amended Scheduling Order. *See id*. at 3-5. The undersigned granted the motion for review, conducted a *de novo* review, and upheld the amended Scheduling Order. *See* Docket Entry #101.

With regard to Plaintiff's alleged non-receipt of the R&R on Defendants' MSJ, the Court waited a full month before adopting the R&R and dismissing the case without objections filed. Plaintiff is nonetheless enjoying the opportunity to make his objections and argue against dismissal in his Motion for Reconsideration and Motion for Relief from Judgment, which are discussed below. There is no showing of bias or prejudice in either instance.

Second, with regard to the motions Plaintiff claims went unanswered before his lawsuit was dismissed, his contention is again without merit. As discussed above, the Court issued a Memorandum Opinion and Order ruling on Plaintiff's original motion for reconsideration of the amended Scheduling Order. His successive motion for yet another "reconsideration" (docket entry #104) simply reflects Plaintiff's tendency to repackage arguments in seriatim motions. With regard to Plaintiff's motion for an extension of time (docket entry #99) in which to respond to Defendants' MSJ, not only was he allowed to file his response (docket entries # 105, 106 and 107), it was

considered at length in the Magistrate Judge's R&R.  Furthermore, he was explicitly granted an

extension of time in which to respond with his own dispositive motion in the Memorandum Opinion

and Order itself.  It was his decision not to do so.

Finally, with regard to Plaintiff's motion for discovery (docket entry #111), it was simply

made far too late and after Plaintiff had himself admitted that he disregarded an order to file a reply

addressing Defendants' qualified immunity claims pursuant to Fed. R. Civ. P. 7(a).  *See* R&R at 3

("Plaintiff admitted that the [Third Amended Complaint] asserted no new claims despite the Court's

Order to plead with particularity.  *See* docket entry #90 at p. 3 ('The Plaintiff's amended complaint

contains (NO) new claims or pleadings (Docket No. 68) . . . .').").  As the Fifth Circuit has stated,

> One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim.  Therefore, we have held that discovery "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."

*Winstead v. Box*, 419 Fed. Appx. 468, 469 (5th Cir. 2011) (per curiam) (internal citations omitted).

Here, as Plaintiff admits, his amended complaint did not "assert facts which, if true, would overcome

the defense of qualified immunity."  Furthermore, he did not file his discovery motion until long

after Defendants filed their MSJ and even after Plaintiff himself filed substantial responses in

opposition.  *See* Docket Entries #105 (Plaintiff's declaration), 106 (statement of disputed facts) and

107 (brief in opposition totaling 84 pages of argument, exhibits and third party declarations).

Therefore, his motion for discovery, even though limited to issues related to qualified immunity, was

far too late and did not meet the requirements set by the Fifth Circuit to permit such discovery to go

forward in the first instance.  He cannot argue that he was prejudiced.

Finally, at bottom, Plaintiff's motions were summarily ruled upon by this Court after

considering the Magistrate Judge's R&R. *See* Order of Dismissal (docket entry #121). There is no basis for Plaintiff to assert that he was subject to either bias or prejudice.

In any event, prior adverse judicial rulings alone do not support an allegation of bias under 28 U.S.C. § 455. *Maldonado*, 108 Fed. Appx. At 222. "In order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford*, 245 Fed. Appx. at 383 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)), *cert. denied*, 553 U.S. 1054, 128 S. Ct. 2487, 171 L. Ed. 2d 768 (2008). Petitioner's concern of bias, therefore, is merely speculative and conclusory. *Crawford*, 245 Fed. Appx. at 383.

Plaintiff has not shown bias or prejudice or any other basis for recusal. Therefore, his motion for recusal of the undersigned District Judge and the assigned Magistrate Judge will be denied.

### B.     MOTIONS FOR RECONSIDERATION/RELIEF FROM JUDGMENT

Plaintiff's two motions for relief (docket entries # 123 and 128), taken together, are construed as seeking reconsideration of or relief from final judgment pursuant to Fed. R. Civ. P. 59(e) and/or 60(b)(1) or (d)(3). His argument is the same in both motions.

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United*

*States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Instead, "Rule 59(e) 'serve[s] the narrow purpose of

allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"

*Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  "Relief under Rule

59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller*

*v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003).   Altering, amending, or

reconsidering a judgment is an extraordinary remedy that courts should use sparingly.  *Templet*, 367

F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

If a motion for reconsideration is filed within 28 days of the judgment or order of which the party

complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.

*See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at

*2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd*

instead of 28 days because the case was decided before the amendments to Rule 59 took effect on

December 1 2009).[2]

> Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[2]      Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days.  Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this.  *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Plaintiff's first motion was filed seven days after final judgment was entered. For that reason Defendants argued, and Plaintiff apparently agreed, that it should be construed as pursuant to Rule 59(e). The Court will so construe it as a Rule 59(e) motion to alter or amend a judgment. As Plaintiff points out, a Rule 59(e) motion may also be interpreted as covering motions to vacate judgments, *see Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir 1993), and clearly a vacated judgment is what Plaintiff seeks under any standard. *See, e.g.*, Plaintiff's Reply to Defendants' Response to Motion for Reconsideration (docket entry #129) at 2, ¶ 5. In any case, whether the Court were to consider Plaintiff's motions under the Rule 59(e) or 60(b) standard, the outcome would remain the same.

Plaintiff's sole argument under either standard is that he did not receive a copy of the R&R issued by the Magistrate Judge recommending dismissal of his lawsuit before the undersigned District Judge adopted it a month later and dismissed his case with prejudice. Therefore, he contends, his right to *de novo* review on the basis of any objections he might have filed was abrogated. Therefore, he seeks relief in the form of setting aside the judgment and reopening the

case in order for him to file his objections and have the Court rule on them after a *de novo* review.

However, he has not stated any substantive ground for reconsideration on the merits of his lawsuit

claims.  His argument, based solely on procedure but not addressing substance, is without merit.

In the first place, as noted in the Court's analysis of Plaintiff's Motion to Recuse, above,

Plaintiff has presented nothing at all in support of his bare allegation that he did not receive the

R&R.  He simply alleges in his motions that he did not.  He has not submitted any form of

declaration or statement by any Eastham Unit mailroom personnel, nor even his own declaration

under penalty of perjury.[3]  To the extent that he simply failed to file an objection and now seeks to

remedy his failure, he does not state a basis for either *de novo* review in this Court nor for appellate

review.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc);

*Spotts v. United States*, 613 F.3d 559, 575 (5th Cir. 2010).

However, even if Plaintiff did not receive a copy of the R&R in order to timely object to it,

his remedy is do what he purports in form to do here - that is, seek relief of some form from the

judgment - on the basis of some substantive reason for doing so.  For example, the Fifth Circuit has

"held that the district court can 'rectif[ ]y [its] initial procedural error' in not giving notice before

granting summary judgment 'by ruling on a motion for reconsideration.'" *See J.D. Fields & Co., Inc.

v. U.S. Steel Intern., Inc.*, 426 Fed. Appx. 271, 281 (5th Cir. 2011) (quoting *Winters v. Diamond

Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th Cir.1998), *cert. denied*, 526 U.S. 1034, 119 S. Ct.

---

[3]     At one point, Plaintiff avers that "[t]he defendants admitts [*sic*] that there is nothing in the record or (TDCJ) Eastham Unit Mailroom that indecated [*sic*] that the Plaintiff received the magistrate's report and recommendation in order to timely file his objection." *See* Plaintiff's Reply to Defendants' Response to Motion for Reconsideration (docket entry #129) at 2, ¶7.  However, the Defendants made no such admission anywhere in their response. *See generally* Docket Entry #126. Therefore, Plaintiff's statement is nothing more than unsupported hyperbole.

11

1286, 143 L. Ed. 2d 378, 67 (1999)).  "That is, if the party opposing the motion for summary judgment 'is afforded an opportunity . . . to present the court with evidence supporting [its] arguments' in a motion for reconsideration, 'the court's failure to provide an opportunity to respond is harmless error.'" *Id.*; *see also Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 869 n.4 (5th Cir. 2002).  Here, the procedural posture is slightly different in that Plaintiff did file a response to Defendants' MSJ and was even given an extension of time in which to file his own dispositive motion, though he did not do so.  He simply contends that judgment in this case should be set aside because he claims he did not have an opportunity to file objections to the Magistrate Judge's R&R.  Therefore, he reasons, after judgment is set aside, he should have opportunity to *then* file his objections to the R&R before any new decision is entered.

Plaintiff has proffered no authority supporting this argument, nor has the Court found one. Instead, the same principle stated above holds equally well here, namely, that Plaintiff should have raised his substantive objections in his motions for reconsideration and/or relief from judgment. Plaintiff did not do so, choosing instead to simply argue the alleged *procedural* issue of his supposedly-lost opportunity to file objections.  However, "[e]rrors of a more *substantial nature* are to be corrected by a motion under Rules 59(e) or 60(b)."  *Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (emphasis added) (quoting 11 Wright and Miller, Federal Practice and Procedure, § 2854 at 149 (1973)).  At least one other Fifth Circuit district court has held that such an argument is inadequate in this type of situation.  *See Staggers v. Millet*, 2001 WL 428343, at *1 (E.D. La. Apr. 26, 2001) (non-receipt of report and recommendation until three days before objections were due, and subsequent failure to file objections, was not a basis for relief from a final judgment for mistake, inadvertence, surprise or excusable neglect in the absence of a

substantive objection or substantive argument as to any error in the judgment).  This Court agrees.

Moreover, Plaintiff has filed a number of highly detailed and researched briefs in the course of this litigation, including the lengthy briefs he filed in opposition to Defendants' MSJ (docket entries #105, 106 and 107).  In those filings, Plaintiff addressed at length Defendants' claims of Eleventh Amendment immunity; Defendants' opposition to the theory of supervisory liability under the theory of *respondeat superior*; their opposition to Plaintiff's claims of conditions of confinement, denial of redress and retaliation, equal protection, and denial of access to court; and Defendants' claims of qualified immunity.  *See, e.g.*, Docket Entry #107 at 3-10.  All of the arguments raised by Defendants, and the basis for the decision to dismiss Plaintiff's claims, are encompassed in Plaintiff's arguments therein.  It is difficult to see what additional objections he would raise, given his failure to raise them in his motions for reconsideration.  Therefore, his argument to alter, amend or vacate the judgment under the standard of either Rule 59(e) or 60(b)(1) fails.

Plaintiff has also made a conclusory claim of "fraud on the court" pursuant to Fed. R. Civ. P. 60(d)(3).  As the Fifth Circuit has stated, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court."  *See Buck v. Thaler*, 2011 WL 4067164, at *7 (5th Cir. Sept. 14) (per curiam) (quoting *Rozier v. Fort Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.), *reh'g denied*, 578 F.2d 871 (5th Cir. 1978)), *cert. denied*, 132 S.Ct. 32 (2011).  Fraud under Rule 60(d)(3) "embrace[s] ... the species of fraud which does or attempts to [ ] defile the court itself."  *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.) (per curiam), *cert. denied*, 493 U.S. 977, 110 S. Ct. 504, 107 L. Ed. 2d 506 (1989).  "Whether relief should be granted based on fraud on the court under Rule 60(d) is committed to the sound discretion of the district court, and district courts

13

are given wide discretion in denying such motions." *Buck*, 2011 WL 4067164, at *7 (citing, *inter alia*, *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007), *cert. denied*, 553 U.S. 1090, 128 S. Ct. 2875, 171 L. Ed. 2d 831 (2008)). Here, notwithstanding his bare claim, Plaintiff has not even made a cursory argument how any fraud has been committed on the Court and the Court, in its discretion, finds none. Therefore, this contention is wholly without merit.

The Court bears in mind the requirement to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355. Inasmuch as Plaintiff has raised no substantive objection or argument as to the correctness of the final judgment in this case, the Court will deny his two motions for reconsideration or for relief from judgment. Considering also the substantive arguments he has already raised in his response in opposition to the Defendants' MSJ, he is advised that any further motion for relief from judgment that simply relies on the same arguments may be viewed as repetitive.

It is accordingly

**ORDERED** that Plaintiff's Motion for Reconsideration (docket entry #123), Motion to Recuse (docket entry #124) and Motion for Relief from Judgment (docket entry #128) are hereby **DENIED**. It is further

**ORDERED** that any motion not already ruled upon is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **December, 2011.**

_____
Ron Clark, United States District Judge

14